El Pueblo, Demandante y Apelado, *v.* Hernández, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción a la Ley de Pesas y Medidas.

No. 1448.—Resuelto en febrero 10, 1920.

Pesas y Medidas—Tolerancia por Defecto en el Peso del Pan.—De acuerdo con la Circular No. 55, de abril 23, 1917, promulgada por el Negociado de Pesas y Medidas, la tolerancia por defecto para bollos de pan de 150 gramos es de 12½ gramos para un bollo aislado y de 8 como promedio en el caso de pesarse varios bollos. Refiriéndose la denuncia en el presente caso a 31 bollos, la tolerancia concedida es la de 8 y no la de 12½ gramos, y en tal virtud la denuncia contiene hechos suficientes determinantes de la infracción que se imputó y por la cual fué castigado el acusado.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Luis Llorens Torres.*

Abogado del apelado: Sr. *José E. Figueras, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Gabriel Hernández fué denunciado como autor de una infracción a la sección 15 de la Ley de Pesas y Medidas, cometida como sigue:

"Que en febrero 5, 1918,_____, el acusado, Gabriel Hernández, dueño de una panadería en Vega Alta, ilegal, voluntaria y maliciosamente elaboró pan, y vendió al comerciante Raimundo Hernández de Toa Baja, 31 bollos del referido pan, marcando cada bollo con un peso de 150 gramos, teniendo cada bollo un promedio de 10 gramos de menos, defecto mayor que la tolerancia establecida por la ley."

El acusado alegó que la denuncia no contenía hechos suficientes para constituir la infracción que se le imputaba, y la corte de distrito declaró sin lugar la excepción.

Sostiene el apelante que la ley "permite vender pan marcado con el peso que quiera el fabricante, con tal de que en el mismo bollo se consigne o exprese el precio proporcional. Por tanto, para cometer dicho delito, es necesario que junto al peso marcado en el bollo se exprese un precio que no

corresponda en proporción al precio marcado." No estamos conformes con la conclusión. Es cierto que la denuncia no dice si se fijó o no el precio proporcional, pero claramente imputa al acusado el hecho de haber marcado bollos de pan como pesando 150 gramos cuando la realidad era que pesaban 140, y es la falta de peso lo que constituye lo más esencial de la infracción. Véanse las secciones 2 y 3 de la Ley No. 13 de 1917.

Y sostiene además el apelante que la falta de peso de los bollos de pan de que se trata estaba comprendida dentro de la tolerancia fijada por el Negociado de Pesas y Medidas en uso de las facultades que le confiere la ley. Dicha tolerancia para un caso como el del acusado, o sea para bollos de 150 gramos, según la circular No. 55, de 23 de abril de 1917, era de doce gramos y medio para un bollo aislado y de ocho como promedio en el caso de pesarse varios bollos. La denuncia no se refiere a un bollo aislado, sino a treinta y uno, y siendo ello así, la tolerancia aplicable no es la de 12½, sino la de 8.

Por virtud de lo expuesto es necesario concluir que la excepción fué debidamente declarada sin lugar por la corte de distrito.

Fué el caso a juicio y en él declararon tres testigos, dos presentados por el fiscal y uno por la defensa. Uno de los testigos del fiscal, el inspector que formuló la denuncia, dijo que creía que se había pesado todo el pan que había en la tienda y que se encontró que el promedio de menos que correspondía a cada bollo era el de diez gramos. Otro de los testigos del fiscal, el comerciante en cuya tienda se ocuparon los panes, y el testigo de la defensa, dicen que había en el establecimiento como cien bollos y que sólo se tomaron para obtener el promedio los más defectuosos.

La prueba, por tanto, fué contradictoria en cuanto al número de bollos de pan que se había pesado y la contradicción en ese extremo importante, fué decidida por el tribunal sentenciador en contra del acusado. No habiéndose demos-

trado que el juez actuara movido por pasión, prejuicio o parcialidad, o que cometiera un manifiesto error, debe su conclusión prevalecer. Y partiendo de la base de que se pesaron todos los bollos, queda probada la infracción imputada al acusado. No cabe, por tanto, revocar la sentencia por virtud de la cual se le condenó al pago de cinco dólares o a sufrir un día de cárcel por cada dollar que dejara de satisfacer.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.